UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SEVERINO-ZUNIGA,<br><br>                              Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL, et al.<br><br>                             Respondent. | Case No.: 17-cv-0529-AJB-KSC<br><br>**ORDER GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL**<br><br>(Doc. No. 5) |

Presently before the Court is Petitioner Armando Severino-Zuniga's ("Petitioner") motion to appoint counsel. (Doc. No. 5.) Federal Defenders of San Diego, Inc. have requested to represent Petitioner. (*Id*. at 16–20.) For the reasons explained more fully below, the Court **GRANTS** Petitioner's motion.

## **BACKGROUND**

Petitioner is currently detained at the Otay Mesa Detention Center. (Doc. No. 1 at 2.) On March 14, 2017, he filed his complaint asserting a cause of action under 28 U.S.C. § 2241. (*Id*. at 1.) Petitioner alleges that he was detained by U.S. Immigration and Customs Enforcement ("ICE") on March 15, 2016. (*Id*. at 4.) Subsequently, on June 28, 2016, an immigration judge ordered Petitioner removed to Canada. (*Id*.) Petitioner argues that ICE did not act in good faith while implementing the deportation order as they supposedly tried to remove him back to Argentina. (*Id*.) In sum, Petitioner's habeas petition contends that

he has been denied the opportunity to demonstrate that he should not be detained. (*Id*. at 6.) Currently, Petitioner has submitted appeals regarding this matter to the Board of Immigration Appeals and the United States Court of Appeals for the Ninth Circuit. (*Id*. at 4.)

After filing his complaint, Petitioner's case was dismissed without prejudice on March 23, 2017, for failure to pay the $5.00 filing fee. (Doc. No. 2.) On March 30, 2017, Petitioner paid the filing fee. (Doc. No. 3.) On June 23, 2017, Petitioner filed the present motion, his motion to appoint counsel. (Doc. No. 5.)

## **LEGAL STANDARD**

Federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," and if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). "These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them." *Id*.

## **DISCUSSION**

Petitioner's motion to appoint counsel argues that as he has been detained for almost a year, he does not have a source of income and thus cannot afford to retain counsel. (Doc. No. 5 at 3.) Additionally, Petitioner contends that he is highly likely to succeed on the merits of his claim as his detention "exceeds a period reasonably necessary to secure removal." (*Id*. at 4 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001))); *see also Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (declaring that "in *Zadvydas*, [] the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal – that is, three months after the statutory removal period has ended") (citations omitted). Furthermore, Petitioner argues that due to the complex legal issues in the instant case in conjunction with his lack of legal training, this

complicated area of law warrants the appointment of counsel. (Doc. No. 5 at 7.) Finally, Petitioner contends that appointment of counsel is necessary as there might be the potential need for an evidentiary hearing. (*Id*. at 8–9.)

Having reviewed Plaintiff's motion, the Court concludes that Petitioner is financially eligible for appointment of counsel and has adequately demonstrated that he is likely to succeed on the merits of his claim and that his 28 U.S.C. § 2241 habeas petition involves complex legal issues. Accordingly, the Court **GRANTS** Petitioner's motion for appointment of counsel.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to appoint counsel is **GRANTED**. The Court **APPOINTS** the Federal Defenders of San Diego, Inc., to represent Petitioner. The Clerk of Court is ordered to adjust the Docket in this case to reflect the appointed counsel.

**IT IS SO ORDERED**.

Dated: July 6, 2017

Hon. Anthony J. Battaglia
United States District Judge