UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SEVERINO-ZUNIGA,<br><br>                               Petitioner,<br>v.<br>ATTORNEY GENERAL, et al.<br>                              Respondents. | Case No.: 17-cv-0529-AJB-KSC<br><br>**ORDER DENYING PETITIONER'S MOTION TO STAY**<br><br>(Doc. No. 22) |

      Pending before the Court is Petitioner Armando Severino-Zuniga's ("Petitioner") motion to stay this Court's December 13, 2017 order pending appeal. (*See generally* Doc. No. 22.) Due to the urgency of the matter, the Court issues this Order without setting a briefing schedule or hearing date. As will be explained in more detail below, the Court **DENIES** Petitioner's motion to stay.

## **BACKGROUND**

      On March 14, 2017, Petitioner filed his initial petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Thereafter, on June 23, 2017, Petitioner filed a motion to appoint counsel, (Doc. No. 5), which was granted on July 6, 2017, (Doc. No. 6). After Petitioner's counsel filed a notice of appearance, (Doc. No. 7), he filed his amended petition for writ of habeas corpus on August 3, 2017, (Doc. No. 8).

      On October 16, 2017, Petitioner filed an emergency motion to stay, (Doc. No. 15),

which was granted on the same day, (Doc. No. 16). Subsequently, on December 13, 2017, the Court denied Petitioner's first amended petition for writ of habeas corpus. (Doc. No. 20.) The next day, Petitioner filed his notice of appeal to the Ninth Circuit, (Doc. No. 21), and the instant motion, his motion to stay pending appeal, (Doc. No. 22).

## **DISCUSSION**

Petitioner's amended habeas petition argued that his detention was beyond the reasonable detention period as stated in *Zadvydas v. Davis*, 533 U.S. 678 (2001), to effect removal. (Doc. No. 8 at 3.) In denying his petition, the Court ultimately found that Petitioner had not established that there would be no significant likelihood that he would be removed in the reasonably foreseeable future. (Doc. No. 20 at 9.) Presently, Petitioner's motion to stay contends that a stay is justified based upon Petitioner sufficiently satisfying the four factors under *Nken v. Holder*, 556 U.S. 418 (2009). The Court disagrees.

In *Nken*, the Supreme Court held that in determining whether a stay should apply a court should consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 426 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Despite the arguments advanced by Petitioner, the Court finds that Petitioner misconstrues the Court's order and fails to demonstrate a strong showing that he will likely succeed on the merits.[1] The Court reiterates that the Supreme Court in *Zadvydas* "place[d] the burden on the alien to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2013). Thus, to succeed

---

[1] The Court notes that Petitioner is correct that the six month presumptively permissible detention period under *Zadvydas* encompasses the 90-day removal period. Thus, the *Zadvydas* period in this case lapsed in December of 2016.

2

17-cv-0529-AJB-KSC

on the merits, Petitioner must demonstrate that there is no endpoint to his detention.

To support his motion to stay, Petitioner briefly cites to the doctrine of nonrefoulment. (Doc. No. 22-1 at 2.) Specifically, Petitioner argues that his removal to Argentina is not reasonably foreseeable, because return there is now blocked by this doctrine. (*Id*.) The Court notes that nonrefoulment provides that "[n]o Contracting State shall expel or return ('refouler') a *refugee* in any manner whatsoever to the frontiers or territories *where his life or freedom would be threatened* on account of his race, religion, nationality, membership or a particular social group or political opinion." *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987). To employ this doctrine an applicant must satisfy two burdens: "first, that he or she be a 'refugee,' *i.e.*, prove at least a 'well-founded fear of persecution,' second, that the 'refugee' show that his or her life or freedom 'would be threatened' if deported." *Id*. at 440–41.

Based on Petitioner's moving papers, it is clear to the Court that Petitioner has not satisfied the foregoing two burdens to be able to utilize the nonrefoulment doctrine. Petitioner has not presented evidence that his fear of returning to Argentina is credible or that his life or freedom would be at risk if he were to return there. Instead, Petitioner makes factually unsupported accusations that he may be persecuted, tortured, or killed in Argentina. (Doc. No. 22-1 at 3.) Most notably, Petitioner admitted in his petition that his asylum claim that encompasses his purported fear of returning to Argentina was never adjudicated due to his mistaken withdrawal of his application. (Doc. No. 8 at 6.) Consequently, without more, Petitioner has failed to demonstrate that his removal is not reasonably foreseeable.

On a side note, the Court finds that Petitioner's motion to stay focuses heavily on arguing that the Court should not have centered its December 13, 2017 order around the various legal recourses Petitioner made while in custody. (Doc. No. 22-1 at 2.) However, the Court clarifies that in its order denying Petitioner's amended petition, the Court only noted the various motions and appeals Petitioner filed to highlight that the delay in his removal was partially of his own making—the Court did not view these filings as

3

17-cv-0529-AJB-KSC

dispositive in denying his petition. *See Kumar v. Gonzales*, 555 F. Supp. 2d 1061, 1065 (N.D. Cal. 2008) ("In addition, the delay in Petitioner's removal is of his own making. While Petitioner is entitled to seek judicial review of the BIA's decision to deny him asylum . . . he cannot simultaneously take steps to prevent his removal while seeking a writ of habeas corpus on the basis that he has not yet been removed.").

As to the remainder of the stay factors, the Court finds that they weigh neutrally. Presently, there has been no determination as to the credibility of Petitioner's alleged fear of returning to Argentina by the BIA or an IJ. Moreover, Petitioner has failed to produce any more details or facts surrounding the event that led him to leave Argentina and seek to enter Canada and thereafter asylum in the United States. In making this conclusion, the Court finds the Ninth Circuit's holding in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), instructive. In *Leiva-Perez,* the court found that Leiva-Perez had demonstrated that he would likely suffer irreparable harm if returned to El Salvador based on his testimony before the IJ who found him credible, that he was personally targeted for extortion and savage beatings by a particular group. *Id*. at 970. Moreover, Leiva-Perez testified that the extortion and beatings would indeed recur if he was forced to return to El Salvador. *Id*. In the instant action, the Court is devoid of any such information from Petitioner. Thus, without more, the Court cannot make a determination of whether Petitioner will be irreparably injured absent a stay.

Moreover, despite Petitioner's argument that the public's interest lies in seeing immigration laws faithfully executed, the Court must balance this interest with the "fact that there is also a public interest in prompt execution of removal orders, which may be heightened in certain circumstances . . . ." *Id*. (internal quotation marks and citation omitted). Furthermore, as the Government was not given a chance to respond, there is no evidence before the Court over whether the Government will be injured by the granting of a stay. Thus, these two factors also weigh neither for nor against granting a stay.

In sum, Petitioner has not demonstrated that he has a substantial case on the merits and that the balance of hardships tips sharply in his favor. Accordingly, as Petitioner has

not met his burden as to the majority of these factors, his request for a stay pending review of his Ninth Circuit appeal is **DENIED**.

**IT IS SO ORDERED**.

Dated: December 15, 2017

Hon. Anthony J. Battaglia
United States District Judge